<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARTELLI DEVELOPMENT GROUP, LLC, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>WARREN DIAMOND, *et al.*,<br><br>　　　　　　　　Defendants. | Civil Action No. 25-16957 (GC) (JBD)<br><br>**<u>MEMORANDUM ORDER</u>** |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiffs' application for an Order to Show Cause why a preliminary injunction with temporary restraints should not issue pursuant to Federal Rule of Civil Procedure (Rule) 65. (ECF No. 8.) On December 11, 2025, the Court heard oral argument on the pending application, and

**WHEREAS** Plaintiffs' twenty-seven-count Complaint asserts various state law claims arising from the deterioration of the business relationship between the parties.[1] (ECF No. 1-1); and

**WHEREAS** Plaintiffs now seek injunctive and other forms of relief related to the operation of the businesses at issue. (*See generally* ECF No. 8-4.) Plaintiffs describe "a series of unlawful and disturbing events" that have led to the need for a "business divorce." (ECF No. 8-1 at 7.[2])

---

[1]　　The Court has jurisdiction under 28 U.S.C. §§ 1332, 1441.

[2]　　Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Plaintiffs seek an order "removing Defendants from their positions of management and operation of the Joint Ventures during the pendency of litigation, prohibiting Defendants from physical access to the Suneagles Property, enjoining Defendants from further transferring, depleting, or otherwise wasting assets of the Joint Ventures, blocking Plaintiffs' interests and rights to access the books and records of the Joint Ventures, [and] compelling Defendants to provide access to the Joint Ventures' banking, accounting and financial accounts[.]" (*Id.* at 12-13.) Plaintiffs also seek to enjoin Defendants from "improperly operating and/or managing [Above Par] Hospitality and [Above Par] Management." (*Id.* at 13); and

    **WHEREAS** a plaintiff seeking a temporary restraining order or preliminary injunction must establish that (1) he is reasonably likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *See HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, at *7 (D.N.J. June 2, 2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); and

    **WHEREAS** "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Barnes v. Edwards*, Civ. No. 13-4239, 2014 WL 3953189, at *3 (D.N.J. Aug. 13, 2014) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)); and

    **WHEREAS** "the party seeking a preliminary injunction bears the burden of establishing its entitlement to such extraordinary relief." *Sebela Int'l Ltd. v. Actavis Lab'ys FL, Inc.*, Civ. No. 17-4789, 2017 WL 4782807, at *2 (D.N.J. Oct. 20, 2017)); and

    **WHEREAS** "[t]he standard for a preliminary injunction and a TRO is the same." *Mirashi v. Doe*, Civ. No. 25-1805, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025); and

2

**WHEREAS** the Court finds that Plaintiffs have not established irreparable harm or likelihood of success on the merits for the reasons discussed on the record at the argument held on December 11, 2025; and

**WHEREAS** "a failure to show a likelihood of success or a failure to demonstrate irreparable injury, must necessarily result in the denial of a preliminary injunction." *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982); and for other good cause shown;

**IT IS** on this 15th day of December, 2025 **ORDERED** as follows:

1. Plaintiffs' application for a temporary restraining order (ECF No. 8) is **DENIED**.

2. Plaintiffs' application for a preliminary injunction (ECF No. 8) is **DENIED without prejudice** to future resubmission if changed circumstances warrant such application.

3. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 8.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**