<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARTELLI DEVELOPMENT GROUP, LLC, *et al.*, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> WARREN DIAMOND, *et al.*, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 25-16957 (GC) (JBD) <br><br> <u>**MEMORANDUM ORDER**</u> |

<u>**CASTNER, District Judge**</u>

  **THIS MATTER** comes before the Court upon Defendants/Counterclaim Plaintiffs Warren Diamond, Faith Perlmutter Diamond and Birdie Golf, LLC (collectively, "Diamond")'s application for an Order to Show Cause why a preliminary injunction with temporary restraints should not issue pursuant to Federal Rule of Civil Procedure (Rule) 65.[1]  (ECF No. 42.) Plaintiffs/Counterclaim Defendants Salvatore Martelli, Martelli Development Group, LLC, The Ridge at SunEagles, LLC, Veritas Hospitality, LLC, Veritas Golf, LLC, and Veritas Management Group, LLC (collectively, "Martelli") individually, and derivatively on behalf of Nominal Defendants Mulligan Golf, LLC, Above Par Golf, LLC, Above Par Hospitality, LLC, and Above Par Management, LLC (collectively, "Joint Ventures"), opposed, and Diamond replied.  (ECF Nos. 48, 51); and

  **WHEREAS** at the core of this dispute is the souring of the business relationship between Martelli and Diamond.  The instant matter was removed by Diamond from Superior Court of New

---

[1]   The Court has jurisdiction under 28 U.S.C. §§ 1332, 1441.

Jersey, Monmouth County, on October 27, 2025. (ECF No. 1.) On November 12, 2025, Martelli moved for temporary and preliminary restraints against Diamond, asserting that Diamond's conduct threatened the financial viability of the parties' various joint ventures, (*see generally* ECF No. 8-1), which the Court denied on December 15, 2025, (ECF No. 25). On February 26, 2026, Diamond answered the Complaint, asserted counterclaims against Martelli, and brought a third-party complaint against various individuals and entities related to Diamond and Martelli's businesses. (*See* ECF No. 31.) The parties are also engaged in litigation in the Superior Court of New Jersey, Monmouth County, Chancery Division, regarding the issues raised in the counterclaims and third-party complaint. (*See generally* ECF No. 48-13); and

**WHEREAS** Diamond now seeks injunctive and declaratory relief arising from purported agreements between, on one side, Warren Diamond, Faith Diamond, and Birdie Golf, LLC, who purportedly became secured parties through the agreements, and on the other side, Salvatore Martelli, Martelli Development Group, LLC, Mulligan Golf, LLC, Veritas Golf, LLC, and The Ridge at SunEagles, LLC, who purportedly pledged certain assets as collateral through these agreements. (*See generally* ECF No. 42-2.) Diamond asserts that on May 27, 2025, Martelli defaulted on these agreements, entitling Diamond to various rights and remedies related to the secured collateral. (*See generally id.*) Diamond alleges that Martelli has not complied with the terms of the agreements and argues that Court intervention is necessary because, among other things, Martelli has "diverted trust funds," "altered corporate records," and "obstructed access to financial information" related to these agreements. (*Id.* at 18); and

**WHEREAS** "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Barnes v. Edwards*, Civ. No. 13-4239, 2014 WL 3953189, at *3 (D.N.J. Aug. 13, 2014) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)).

"[T]he party seeking a preliminary injunction bears the burden of establishing its entitlement to such extraordinary relief." *Sebela Int'l Ltd. v. Actavis Lab'ys FL, Inc.*, Civ. No. 17-4789, 2017 WL 4782807, at *2 (D.N.J. Oct. 20, 2017). A plaintiff seeking a temporary restraining order or preliminary injunction must establish that (1) the plaintiff is reasonably likely to succeed on the merits, (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in the plaintiff's favor, and (4) an injunction is in the public interest.[2] *See HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, at *7 (D.N.J. June 2, 2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The first and second elements are considered "threshold" factors; absent either, the Court cannot issue injunctive relief. *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021). The movant must establish these elements by making "*a clear showing.*" *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 202 (3d Cir. 2024) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) (emphasis in original); and

**WHEREAS** to establish irreparable harm, a movant must "demonstrate[] a significant risk that [they] will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000) (citation modified); *see also Reilly v. City of Harrisburg*, 858 F.3d 173, 179 n.4 (3rd Cir. 2017) ("[T]he availability of money damages for an injury typically will preclude a finding of irreparable harm."). This is "not an easy burden" to carry. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000) (citations omitted). Moreover "[t]he irreparable harm alleged must be actual and

---

[2]     "The standard for a preliminary injunction and a TRO is the same." *Mirashi v. Doe*, Civ. No. 25-1805, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025).

imminent, not merely speculative." *Moneyham v. Ebbert*, 723 F. App'x. 89, 92 (3d Cir. 2018); and

**WHEREAS** Diamond argues that irreparable harm is being suffered in three ways. (ECF No. 42-2 at 22-25.) First, Diamond states that a "trust obligation over all distributions and proceeds" was created after Martelli purportedly defaulted on their agreements, and Diamond points to various cases that purportedly support injunctive relief in such a scenario. However, the cases Diamond cites are inapposite, as each pertains to a trust established under the Perishable Agricultural Commodities Act (PACA)—not one established through private contract. Even assuming the PACA applies, the Court finds that Diamond's argument in this regard is still lacking. In *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3d Cir. 2000), the Third Circuit stated that injunctive relief is appropriate in a case involving a PACA trust when "it is shown that the trust is being depleted and the likelihood is great that there will be no funds available to satisfy a legal judgment against the delinquent buyer." *Id.* at 139. Here, Diamond makes no such showing of depleted funds or insolvency. Rather, Diamond states that The Ridge at SunEagles, LLC, one of the parties' development projects, "has continued to sell market-rate units and generate[s] millions of dollars in proceeds." (ECF No. 42-2 at 8); and

**WHEREAS** second, Diamond argues that "the loss of corporate control constitutes irreparable harm," noting that Martelli "continue[s] to exercise voting and managerial rights" despite purportedly losing them after the default event. (*Id.* at 23-24.) The Court notes that Diamond cites no case from this Circuit in support of this proposition. In those cases where courts from this Circuit have granted preliminary injunctions arising from a loss of corporate control, those injunctions have been narrowly tailored to, for example, prevent a stock sale. *See, e.g.*, *Marine Elec. Sys., Inc. v. MES Financing, LLC*, 644 F. Supp. 3d 84, 95-96 (D.N.J. Dec. 6, 2022).

4

Here, the relief requested is much broader. (*See, e.g.*, ECF No. 72-17 at 4 (requesting the Court order Diamond to act "as if the absolute owner" over the joint ventures at issue).) As such, the Court finds that Diamond has not established that such an expansive and extraordinary form of relief is warranted; and

**WHEREAS** third, Diamond argues that irreparable harm exists "where a party alters or conceals corporate records" and asserts that Martelli has "altered membership ledgers and concealed financial records." (ECF No. 42-2 at 25.) However, Diamond provides no further explanation, description, or evidence regarding these allegations. (*See id.*; *see also* ECF No. 51 at 12-13.) As such, the Court finds that Diamond has not made the requisite "clear showing" of entitlement to such extraordinary relief. *Del. State Sportsmen's Ass'n*, 108 F.4th at 202; and

**WHEREAS** the Court further finds that Diamond has not explained why the Court could not ascertain and award money damages at final judgment if [Diamond] prevails. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989); and

**WHEREAS** Diamond has also failed to show any injury is imminent or an immediate need for relief. The purported default event occurred in May 2025, nearly one year prior to Diamond filing this Motion. (ECF No. 17 ¶ 13.) Diamond has not demonstrated a change in circumstances that would warrant emergent injunctive relief other than a progressively deteriorating business relationship. As such, Diamond has not established irreparable harm, and for other good cause shown,

**IT IS** on this 28th day of May, 2026 **ORDERED** as follows:

1. Diamond's application for a temporary restraining order (ECF No. 42) is **DENIED**.

2. Diamond's application for a preliminary injunction (ECF No. 42) is **DENIED** without prejudice.

3. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 42.

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

6